IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRELL MICKLES, *BOP Reg. # 11733-003*, Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION NO. 1:21-00463-JB-N |
| UNITED STATES OF AMERICA *et al.*, Defendants. | ) ) ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Terrell Mickles, a federal inmate proceeding *pro se*, filed this untitled civil action.[1] (Doc. 1). Upon review of this action and Mickles's prior litigation history, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), because Mickles is barred from proceeding *in forma pauperis* and did not pay the $402 filing fee when he initiated this action.

### I.    Section 1915(g) and Mickle's Litigation History

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

---

[1] Mickles was convicted of possession with intent to distribute crack cocaine in *USA v. Terrell Mickles* #11733-003, Crim. No. 10-00152-WS-B (S.D. Ala. June 29, 2011) and received a sentence that included 188 months in custody. And, when he filed the present complaint, he also filed *Mickles v. USA,* CA 21-0345-JB-N (S.D. Ala.) and *Mickles v. Bogota Columbia,* CA 21-0346-JB-N (S.D. Ala.).

unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The purpose of § 1915 is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215–16 (2007).

When this action was filed, Mickles neither filed a motion to proceed without prepayment of fees, nor did he pay the $402 filing fee. Nonetheless, the Court reviewed his filing and conducted a nationwide review of the civil records of the United States District and Appellate Courts to determine if Mickles has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From these dockets, the Court discovered that Mickles has at least three actions and appeals dismissed for one of the foregoing reasons, namely,[2] *Mickels v. Steele*, CA No. 15-0117-KD-C (S.D. Ala. May 12, 2016) (dismissing case as frivolous); *Mickels v. Moore*, CA No. 14-0086-WS-N (S.D. Ala. 2014) (dismissing case as frivolous and for failure to

---

[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

state a claim), *appeal dismissed*, No. 14-14763-C (11th Cir. 2015) (appeal dismissed as frivolous by a three-judge panel)[3], and *Mickles v. Springfield Med. Ctr. for Fed. Prisoners*, No. 6:16-cv-03494-BP (W.D. Mo. Jan. 24, 2017) (dismissing case as frivolous). The Court also discovered that Mickles's case, *Mickles v. Steele*, CA 16-0369-CG-B (S.D. Ala. 2016), was dismissed pursuant to 28 U.S.C. § 1915(g).) Thus, the present action comes within the scope of 28 U.S.C. § 1915(g). Consequently, the present action is due to be dismissed unless Mickles can satisfy the "imminent danger of serious physical injury" exception to § 1915(g).

## II.   Section 1915(g)'s Exception

Section 1915(g)'s imminent danger exception requires that at the time of the complaint's filing, Mickles must show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the imminent danger of serious physical injury must exist at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

---

[3] In *Mickels v. Moore, supra*, the district court's determination and appeals court's determination are counted as two strikes. *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) ("Congress would have us count both the dismissal in the district court *and* the separate dismissal of the appeal as frivolous."), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537-38, 135 S.Ct. 1759, 1763, 135 L.Ed.2d 803 (2015) (ruling that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal," and rejecting that it must be an affirmed dismissal in order to count as a strike).

3

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished). Mickles has not shown that he was experiencing or would experience an imminent serious physical injury. The allegations in his complaint are incomprehensible, ranging from discussions of a fantastical "neural format" to passing references to the White House and Congress. (Doc. 1, PageID.1). No physical injury can be gleaned from the limited allegations that are decipherable, nor can the Court envision any physical injury that is serious and imminent. Mickles bears the burden of making such a showing. 28 U.S.C. § 1915(g); *Medberry,* 185 F.3d at 1193. Accordingly, the Court finds that Mickles did not meet his burden of showing that he was in imminent danger of serious physical injury when he filed his complaint.

### III.    Conclusion

Mickles cannot avail himself of § 1915(g)'s imminent danger exception, and he failed to pay the $402 filing fee at the time he filed this action. Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,*

Case 1:21-cv-00463-JB-N   Document 2   Filed 11/02/21   Page 5 of 6   PageID #: 8

259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).

    **DONE** this the 2nd day of November 2021.

                                  */s/ Katherine P. Nelson*
                                  **KATHERINE P. NELSON**
                                  **UNITED STATES MAGISTRATE JUDGE**

5

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.